UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR M. AGUILAR,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES ROBERTSON, Warden,[1]<br><br>    Respondent. | Case No. 20-cv-02050-YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

## I.   BACKGROUND

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has been granted leave to proceed *in forma pauperis*.

On October 30, 2020, the Court issued an Order to Show Cause directing Respondent to respond to the petition. In lieu of filing an answer, Respondent filed the instant motion to dismiss. Dkt. 12. Even though Plaintiff was given an opportunity to do so, he has not filed an opposition.

According to the allegations in the petition and supporting documents, Petitioner received a prison disciplinary violation in 2019 for refusing to accept a housing assignment/delaying a peace officer. Dkt. 1 at 19.[2] Petitioner challenged the disciplinary hearing's guilty finding by filing an inmate appeal, which was denied at the final level of review. *Id.* at 19-25. Petitioner then filed in the Del Norte County Superior Court a petition for a writ of habeas corpus, challenging changes to prison housing policies as underground regulations, and asking the state superior court to invalidate those policies and all disciplinary violations (including his own),

---

[1] James Robertson, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

which were brought under those regulations. Resp't Ex. 1 (State Superior Ct. Pet.); Dkt. 12 at 8-32.

The state superior court, interpreting the petition as one challenging the evidentiary sufficiency of his rule violation, denied the petition. Dkt. 1 at 9-10. Nothing in the record shows that Petitioner filed a state habeas petition in either the state appellate court or state supreme court.

On March 24, 2020, Petitioner filed the instant petition. Dkt. 1. Petitioner argues that certain California Department of Corrections and Rehabilitation prison policies about housing inmates are "unauthorized" underground regulations. *See id.* at 5.

Respondent, in his motion to dismiss, alleges that the petition should be dismissed for three reasons: (1) the petition is not proper in federal court as it only challenges state law; (2) even if it were proper in federal court the petition is not properly brought in habeas corpus because success on Petitioner's claims would not necessarily result in his speedier release from prison; and (3) even if the petition were properly considered under federal habeas rules, it is unexhausted. Dkt. 12 at 2.

## II.   DISCUSSION

In order to satisfy the exhaustion requirement of 28 U.S.C. § 2254, habeas petitioners must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation marks omitted). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioners must invoke "one complete round of the State's established appellate review process").

A petitioner must bring to the attention of the state courts the substance of his claim, i.e., the facts supporting the claim, as well as the specific "'constitutional claim . . . inherent in those facts.'" *Gatlin v. Madding*, 189 F.3d 882, 887 (9th Cir. 1999) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must

say so, not only in federal court, but in state court." *Duncan*, 513 U.S. at 366.

The court may deny a petition on the merits even if it is unexhausted. *See* 28 U.S.C. § 2254(b)(2). But it is not required to do so. *See Gatlin*, 189 F.3d at 889. The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal petition is filed. *See id.*; *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

In the instant case, Petitioner should have brought the claims in his federal petition before the California Supreme Court in order to exhaust his claims in state court. Respondent correctly raised the argument of exhaustion in the motion to dismiss. After a careful review of the record, the Court agrees with Respondent that Petitioner did not "fairly present" his claims to the California Supreme Court, the highest state court with jurisdiction to consider them. Accordingly, Respondent's motion to dismiss for failure to exhaust state remedies is GRANTED. Dkt. 12.

Because the Court has decided that Petitioner's claims are unexhausted, it need not address the other issues brought forth by Respondent.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as unexhausted is GRANTED. Dkt. 12. The petition for a writ of habeas corpus is DISMISSED without prejudice.

The Clerk of the Court shall close the file.

This Order terminates Docket No. 12.

IT IS SO ORDERED.

Dated: September 17, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

3